704 F.2d 569
 113 L.R.R.M. (BNA) 2474, 97 Lab.Cas. P 10,081
 INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS, SEMINOLE LODGE 791, etc., Petitioner-Appellee,
v.
UNITED TECHNOLOGIES CORPORATION, PRATT & WHITNEY AIRCRAFT
GROUP, GOVERNMENT PRODUCTS DIVISION, Respondent-Appellant.
 No. 81-5807.
 United States Court of Appeals,
Eleventh Circuit.
 May 2, 1983.
 
 W. Reynolds Allen, Mark E. Levitt, Hogg, Allen, Ryce, Norton & Blue, P.A., Tampa, Fla., for respondent-appellant.
 Joseph A. Vassallo, Vassallo & Varner, P.A., Palm Springs, Fla., for petitioner-appellee.
 Appeal from the United States District Court for the Southern District of Florida.
 Before HENDERSON and HATCHETT, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 TUTTLE, Senior Circuit Judge:
 
 
 1
 The International Association of Machinists ("IAM") brought this action in Florida State Court against United Technologies, seeking to require the latter, the employer, to arbitrate a grievance brought by one Grubb. The case was removed to the United States District Court on diversity grounds. Thereafter, United Technologies, the respondent, filed a motion to dismiss before the filing of its answer or any other defensive pleadings. The trial court set down the motion to dismiss for a hearing at which it considered the IAM complaint, two affidavits and a lot of argument by petitioner's counsel, in the form of testimony as to what had happened in the handling of Grubb's grievance. Then, without requiring a notice to convert this hearing into a motion for summary judgment as required by Rule 12(b), F.R.C.P., the trial court granted all the relief requested by the plaintiff over the fervent protests of the respondent who continued to ask for an opportunity to introduce its own evidence.
 
 
 2
 The appellant-respondent has several grounds of complaint: (1) the trial court should have granted its motion to dismiss, because the pleadings, with the attached contract, demonstrate that Grubb was not entitled to pursue his grievance in this type of dispute to arbitration; (2) the trial court erred in applying the law of the State of Florida in this proceeding which had been removed as a federal question complaint because it is controlled by the provisions of Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185; (3) in any event, the trial court could not make a judgment in favor of the plaintiff at a hearing called to consider the defendant's motion for a judgment of dismissal for failure to state a claim on which relief could be granted, when the court considered matter outside the pleadings without giving the 10 day notice required under Rule 56 for a motion for summary judgment.
 
 
 3
 Grubb's grievance was in the following terms:
 
 Statement of Grievance and Facts Involved:
 
 4
 I, WILLIAM GRUBB, grieve that I do not agree with the evaluation of Job Code 068.
 
 
 5
 Remedy Requested: Re-evaluate, upgrade and pay me retroactive back pay from the date of this grievance.
 
 
 6
 Violations Claimed: Article VII, Section 2.
 
 
 7
 The parties seemed to concede that only those grievances are arbitrable at the election of the union which are expressly stated to be subject to arbitration. These are all contained in Article III, Sec. 3. Article VII, Sec. 2, the basis stated by Grubb for his grievance clearly does not apply. That section dealt solely with a procedural requirement in the handling of a grievance. Nevertheless, the trial court, upon considering affidavits to the effect that the employer had participated in a grievance procedure after the filing of the Grubb grievance, held that the grievance was controlled by Article VII, particularly Sec. 3(a), 11 and 12 which, the court stated, provides:
 
 
 8
 Section 3.--
 
 
 9
 (a) The following grievances, if not settled at Written Step 4 of Section 1 of this Article shall be submitted to arbitration upon the request of either party hereto filed in accordance with the provisions of this Article....
 
 
 10
 (11) A grievance alleging that under the Hourly Job Rating Plan ... that a job which has changed in labor grade as a result of a major change in content has not been properly evaluated....
 
 
 11
 (12) A grievance alleging that an employee is not properly classified in his assigned job code because he has performed the essential duties of a different job code (at least one labor grade higher than his assigned code) for a practicable majority of the time during a period of ninety (90) continuous working days....
 
 
 12
 In fact, Section 3(a)(11) literally states:
 
 
 13
 (11) A grievance alleging that under the Hourly Job Rating Plan a new job has not been properly evaluated or a grievance alleging that a job which has changed in labor grade as a result of a major change in content has not been properly evaluated. For the purpose of this section, a new job is defined as one covering a new set of basic duties where the occupation or skill requirements have not at any time previously been covered by an established job classification in the Government Products Division.
 
 
 14
 Not only did the grievance filed by Grubb fail to allege that he held "a new job" or that he held "a job which has changed in labor grade as a result of a major change in content" but in his petition to compel arbitration there is no allegation to this effect. Moreover, nothing has been called to our attention by the appellee to indicate what part of the record would permit the trial court to translate the Grubb grievance from a disagreement with the outstanding valuation job code 068 to a claim that he was engaged in a "new job ... not properly evaluated" or "a job which has changed in labor grade as a result of a major change in content ... not properly evaluated." The only reference in the record of the evaluation of job code 068 shows that it had been evaluated in 1965. If there is anything in the record to support the contention that Grubb was actually grieving with respect to the improper evaluation of a new job it was only in counsel's argument to the court.
 
 
 15
 The trial court construed the grievance, the complaint, in connection with the two affidavits, and counsel's testimonial statements as to what had previously occurred in the handling of the Grubb grievance as not only entitling the complainant Union to an order denying respondent's motion to dismiss, but also to an affirmative judgment for the relief asked.
 
 
 16
 The first fault to be found with this judgment is that by whatever means the trial court converted the complaint from a charge that Grubb was grieving under Article VII, Sec. 2, to a complaint that he was entitled to arbitration under Article VII, Sec. 3(11), the court did so by considering matters other than the complaint, which was the only pleading under attack by the respondent for failing to state a claim upon which relief could be granted. That being the case, the court was required to provide for adequate notice as provided under Rule 56.
 
 Rule 12(b), F.R.C.P., provides:
 
 17
 If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.
 
 
 18
 F.R.C.P., Rule 12.
 
 
 19
 Rule 56 provides as follows: "Summary Judgment .... (c) Motions and Proceedings Thereon. A motion shall be served at least 10 days before the time fixed for the hearing...." F.R.C.P., Rule 56(c).
 
 
 20
 Were we to reach the merits of the issue of arbitrability, we would conclude that based on the record before the trial court, the grievance was not arbitrable, since it is clear that arbitration under the existing labor contract was restricted to those instances as to which it was expressly provided for. Based on the complaint before the court, it is apparent that arbitration is not provided for if an employee disagreed with an established job evaluation, except under the particular circumstances stated in VII(3)(a)(11). Here, no allegation was made that brought this dispute within that section. See Industrial Aircraft Lodge 1746-A v. United Technologies Corp., --- F.Supp. ---- (U.S.D.C.Conn., Civil H-82-808, dec. Feb. 4, 1983).
 
 
 21
 However, this Court has held that the trial court is powerless to enter a judgment on a motion to dismiss when materials outside the pleadings are considered without the notice required under summary judgment rule. The Court of Appeals for the Fifth Circuit has held compliance with the 10 day notice to be mandatory for a Rule 12(b)(6) disposition. That Court, by whose opinions prior to October 1, 1981 we are bound, said:
 
 
 22
 Today we hold that where matters outside the pleadings are considered in disposition of a Rule 12(b)(6) motion, so as to automatically convert it to one for summary judgment pursuant to Rule 56, or as one made sua sponte, the Rule 56 strictures of notice, hearing and admissibility into evidence are strictly required....
 
 
 23
 Davis v. Howard, 561 F.2d 565, 571 (5th Cir.1977).
 
 
 24
 The Court also said in Davis: "While we can allow departure from literal compliance with Rule 56(e), in [certain situations] we hold compliance as mandatory for a Rule 12(b)(6) disposition...." (emphasis added). Id. at 571, citing among other cases, Murphy v. Inexco Oil Co., 611 F.2d 570 (5th Cir.1980), which in turn cited Arrington v. City of Fairfield, 414 F.2d 687 (5th Cir.1969). Thus, the judgment must be reversed because improvidently entered by the trial court. We, therefore, are not now in a position to consider the case on the merits.
 
 
 25
 We note that the trial court's opinion made reference to the provisions of Florida labor statutes. Upon remand, we consider it appropriate to call to the attention of the trial court that an action that alleges rights that are encompassed within Sec. 301 of the National Labor Relations Act, whether stated to be based upon such section or not, is to be tried under the terms of the federal statutes and law rather than under state law. This is true, of course, not only with respect to the substantive law but also as to the procedural rules to be followed.
 
 
 26
 The judgment is REVERSED and the case is REMANDED for further proceedings not inconsistent with this opinion.